UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 10-21866-Civ-COOKE/BANDSTRA**

ARNOLD SIERRA,

    Plaintiff

vs.

RUBIN & DEBSKI, P.A., *et al*.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendant Rubin & Debski, P.A.'s Motion to Dismiss (ECF No. 3). The Parties have fully briefed this motion, and I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion to Dismiss is granted.

### I. BACKGROUND

The Plaintiff in this case, Arnold Sierra, alleges that the Defendants, HSBC Bank Nevada, N.A. (HSBC) and Rubin & Debski, P.A. (Rubin), violated the Fair Debt Collection Practices Act (FDCPA), and the Florida Consumer Collection Practices Act (FCCPA).[1]

In 2009, HSBC filed a lawsuit in state court against the Plaintiff to collect a consumer debt. (Compl. 5, ECF No. 1-2). Defendant Rubin was HSBC's attorney in that collection case. (Compl. 5, ECF No. 1-2). On May 10, 2010, the Plaintiff filed this lawsuit against HSBC and

---

[1] Prior to this Order, Defendant HSBC settled with the Plaintiff. (Notice of Settlement, ECF No. 20). Counts I, V, and VI of Plaintiff's Complaint are moot as a result of this settlement. (Compl., ECF No. 1-2).

1

Rubin, individually and as an agent of HSBC.  (Compl., ECF No. 1-2).  The Plaintiff alleges that:

- Rubin, upon direction of the principal, HSBC, filed a lawsuit to collect a debt without providing the required documentation in accordance with Florida Rule of Civil Procedure 1.130, in violation of 15 U.S.C. § 1692d.  (Count II)

- HSBC caused their agent, Rubin, to file a lawsuit for collection of an unsecured debt, violating 15 U.S.C. § 1692f.  (Count III)

- The Plaintiff is entitled to a declaration that Rubin is in violation of the FCCPA and the Plaintiff is entitled to a permanent injunction prohibiting Defendant Rubin from further collection of the alleged debt.  (Count IV)

(Compl., ECF No. 1-2).

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While detailed factual allegations are not required, a pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *Id.*

When considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. DISCUSSION

**A.  Counts II & III: Alleged Violations of 15 U.S.C. §§ 1692d & 1692f of the FDCPA**

The Fair Debt Collection Practices Act (FDCPA) is aimed at preventing third-party debt collectors from using abusive and unfair tactics in collecting consumer debts.  *See* 15 U.S.C. § 1692.  The Florida Consumer Collection Practices Act (FCCPA) is similarly designed to protect consumers by prohibiting activities such as willfully communicating with the debtor frequently enough that it harasses the debtor.  *See* Fla. Stat. § 559.72 (2009).

To establish a claim under the FDCPA a plaintiff must allege and prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000).

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  The critical question for purposes of the Plaintiff's section 1692d claim is whether the Defendant's conduct of filing a lawsuit to collect a debt without providing the required documentation was harassing, oppressive, or abusive.[2]

"Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury," but there are limits to that principle.  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).  The mere "filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d."  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir.

---

[2] The Plaintiff, in support of his claim, cites Florida Rule of Civil Procedure 1.130 which requires that "[a]ll . . . contracts . . . or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading."

2006).  Courts have dismissed section 1692d claims as a matter of law if the facts as alleged do not have a natural consequence of harassing or abusing a person in connection with the collection of a debt.  *Id.* at 330 (citing *Kerr v. Dubowsky*, 71 F. App'x 656, 657 (9th Cir. 2003) (holding that the district court had properly dismissed a section 1692d claim because, while the complaint alleged that the debt collector's phone call was unwanted, the plaintiff "failed to allege facts that it was intended to 'harass, oppress, or abuse'"); *Jeter*, 760 F.2d at 1179 (affirming summary judgment for a debt collector because the conduct in question did not create a "tone of intimidation" that violated section 1692d)).

Listed in section 1692d are examples of abusive conduct, including the use of violence or threats of violence, the use of profane language, the publishing of a list of debtors who have refused to pay a debt, the advertising for sale of a debt in order to coerce payment, and the making of harassing telephone calls.  *See* 15 U.S.C. § 1692d.  The Plaintiff's Complaint does not contain any factual allegations or evidence to support a finding that the Defendant's alleged conduct is the type contemplated by section 1692d.

The Plaintiff appears to claim that the Defendant violated section 1692d merely by filing the state court lawsuit without the proper documentation as required by Florida Rule of Civil Procedure 1.130.  While the Plaintiff alleges that he "did not enter into a valid account with 'the original creditor' HSBC," (*see* Compl. ¶ 13, ECF No. 1-2), to the extent that the Plaintiff is alleging he is not the proper defendant in the state court action, this issue is to be resolved in the state court lawsuit.  *See Gonzalez v. Erskine*, No. 08-20893-CIV, 2008 WL 6822207, at *3 (S.D. Fla. Aug. 7, 2008) ("Information provided after the case is filed, such as mistaken identity, goes to Plaintiff's defense and can be resolved in the state court action.").  Since the filing of a lawsuit

is not within the scope of prohibited activities that section 1692d contemplates, the Defendant's Motion to Dismiss is granted as to Count II.

In Count III, the Plaintiff also asserts that the Defendant violated 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." (Compl. 4-6, ECF No. 1-2). As with the section 1692d claim, the Plaintiff fails to allege any facts in support of that claim. The filing of a lawsuit supported by an affidavit attesting to the existence of the amount of debt, without more documentation, is not a false representation, nor unfair or unconscionable. *Deere v. Javitch, Black & Rathbone LLP*, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio 2006). "A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery." *Id.* at 891.

The Plaintiff relies on case law which holds that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period applies, is an unfair and unconscionable means of collecting the debt," and thus a violation of section 1692f. (Pl.'s Resp. Def. Rubin's Mot. Dismiss 4-5, ECF No. 10) (quoting *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)). Filing a complaint to collect a debt that has been extinguished by the passage of time is clearly a violation of section 1692e(2), and also may be a violation of section 1692f. *See Kimber*, 668 F. Supp. 1480. That is not the case here. Here, the Plaintiff only asserts that the Defendant failed to attach documentation to the complaint in the debt collection suit, not that the debt was time-barred.

The Plaintiff "essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint." *Deere*, 413 F. Supp. 2d at 891; (*see also* Compl. 5,

5

ECF No. 1-2). "The FDCPA imposes no such obligation." *Deere*, 413 F. Supp. 2d at 891. Therefore, the Defendant did not violate the FDCPA by not attaching documentation to the state court complaint. The Defendant's Motion to Dismiss is granted as to Count III.

## B. Counts IV: Injunctive Relief Under the FCCPA

Having dismissed the Plaintiff's FDCPA claims, I decline to exercise supplemental jurisdiction over the remaining count brought under the FCCPA. 28 U.S.C. § 1367(c)(3). The FCCPA is a cause of action founded in the Florida Statutes. *See* Fla. Stat. § 559.55. Therefore, Count IV is dismissed without prejudice.

### IV. CONCLUSION

For the reasons explained above, the Defendant's Motion to Dismiss (ECF No. 3) is **GRANTED**. The Plaintiff's federal claims are **DISMISSED** with prejudice and the Plaintiff's state claim is **DISMISSED** without prejudice. The Clerk is directed to **CLOSE** this case; all pending motions are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of October 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*